BLD-147                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3450
_____

BIENVENIDO CASILLA,
Appellant

v.

NEW JERSEY STATE PRISON; GEORGE E. ACHEVE, MD;
RAYMUND T. TAGLE, MD; PAUL TALBOT, MD; RIZWANA NAVEED HAMID,
MD; LAURENCE DONKOR, MD; ARLENE TINKER, MD;
COMMISSIONER DEPARTMENT OF CORRECTION OF NEW JERSEY;
LAWRENCE TALBOT, M.D.; CAROLE HOLT; ELLEN WARNER;
ROY L. HENDRICKS; MICHELLE R. RICCI;
CORRECTIONAL MEDICAL SERVICES; SAINT FRANCIS HOSPITAL;
ALLAN MARTIN

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-4590)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 11, 2010

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

(Filed    May 20, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Bienvenido Casilla appeals the District Court's order granting appellees' motions for summary judgment. For the reasons below, we will affirm.

The procedural history of this case and the details of Casilla's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Casilla filed a complaint under 42 U.S.C. § 1983 alleging that appellees were deliberately indifferent to his serious medical needs. Casilla asserted that appellees failed to adequately treat his stomach pain and knee pain. Appellees moved for summary judgment. The District Court appointed counsel for Casilla who filed a response. The District Court granted appellees summary judgment, and Casilla filed a pro se notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting appellees' motions for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

In order to state a claim under the Eighth Amendment for denial of medical care,

Casilla must show that the appellees were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104. A medical need is serious if it is one "that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Mere disagreement as to the proper medical treatment will not support a claim under the Eighth Amendment. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979) (citations omitted).

Casilla's medical records show that his complaints were treated with medications, several diagnostic tests, consultations with specialists, and three knee surgeries. As for the year-long delay in Casilla receiving knee replacement surgery, there is nothing in the record concerning the process for scheduling surgeries, why the delay occurred, or how any of the appellees were responsible for the delay. With respect to Casilla's claims that surgery was never performed on his left knee, he has not shown that surgery was ever prescribed for his left knee. The document he has submitted in support of this allegation

3

does not contain any such recommendation. Likewise, he has not submitted any evidence showing that surgery for his stomach pain has been medically indicated. We agree with the District Court that Casilla has not shown a genuine issue as to any material fact and that the medical appellees are entitled to summary judgment on his claims.

Casilla's claims against Appellees Hendricks and Ricci fail because prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Casilla's motion for the appointment of counsel is denied.

4